Fuld, J.
The question presented is whether or not the claimant was “ in employment ”, within the meaning of section 203 of our Disability Benefits Law (Workmen’s Compensation Law, art. 9), at the time she was injured so as to entitle her to disability benefits from her employer, one of the appellants herein.
The claimant, a fáctory employee, began working for the appellant, a dress manufacturer, in 1953. In each of the years between 1953 and 1957, when the claimant was injured, and, indeed, after 1957 as well, there was a slack season during which the factory was closed and the workers were laid off for about a month. Under the collective bargaining agreement between the trade association of which the employer was a member and the claimant’s union, the employer was required to call back to work employees, such as the claimant, who were laid off during the slack season, as soon as work became available. Moreover, provisions of that agreement not only prevented the employer from denying the claimant her job after the layoff or the vacation but assured her treatment as an old employee, subject to discharge only for cause.
*95 On June 10, 1957 the claimant was laid off and told to return on July 7. She thereupon applied for and obtained unemployment insurance; she also sought employment, without success, until the latter part of June, when she asked her employer for a leave of absence so that she might accompany her husband on his vacation extending beyond July 7. The appellant granted claimant’s request for a leave of absence and, following her advice to the unemployment insurance office, her unemployment benefits ceased. The claimant and her husband finished their vacation on July 20 or 21 and on July 22, before actually reporting back for work, she was hurt while riding on a subway train and was unable to do any work until October 7, 1957. As was the case in the other years — both before and after 1957 — following the temporary layoff and the vacation, no one was hired to replace the claimant and in each of those years she applied for and collected unemployment insurance benefits.
We agree with the referee (who heard the case in the first instance) and the Appellate Division that there was no termination of employment and that the claimant was entitled to disability benefits. The term, “ in employment ”, as used in section 203 of the Disability Benefits Law, connotes “ the relationship commonly understood as existing between the employer and employee * * * unless and until [it is] severed ”. (Matter of Flo v. General Elec. Co., 7 N Y 2d 96, 100.) In the case before us, it is quite clear that the employment relationship between the claimant and the appellant did not terminate by reason either of her being laid off or receiving unemployment insurance benefits following the layoff. That there had been no severance of the employer-employee relationship is demonstrated by the fact that, during the very layoff period, the claimant sought and obtained the appellant’s permission to substitute a leave of absence or vacation for the layoff, at the end of which she was to return to work. The board erred as a matter of law in isolating the claimant’s layoff and in relying on that circumstance for its conclusion that the employment had come to an end before she was injured. The vice of its reasoning is accentuated by the fact that in the years before 1957, as well as in those which followed, the claimant invariably went back to her job as an old, not a new, employee after the slack season had run its course.
*96 Any possible doubt of the correctness of this conclusion is dispelled by the provisions of the collective bargaining agreement which guaranteed continuing employment status during irregular work periods. This being so, it follows that neither the plant’s closing to accommodate the off season, the attempt to procure other employment for that period nor the payment of unemployment insurance benefits can be regarded as a termination of employment. (Cf. Matter of Dresher [Lubin], 286 App. Div. 591; N. L. R. B. v. Jesse Jones Sausage Co., 309 F. 2d 664, 665.) In this connection, it is of some significance that the Unemployment Insurance Appeal Board has consistently ruled that a worker on a temporary layoff may refuse a permanent job without losing his right to unemployment insurance benefits. (See, e.g., Appeal Board Decisions, Nos. 47847-54, 19305-49, 13942-46.) And this makes good sense: one who is temporarily laid off should not be required to stay idly at home in order to remain “in employment”; he should be free to seek other employment for the limited layoff period and obtain unemployment insurance if unsuccessful in procuring such work.
In short, the record before us compels the conclusion, based not only on the conduct of the parties over the years but on the terms of the collective bargaining agreement itself, that the employment relationship between the claimant and the appellant continued during the layoff and vacation periods. Since she was injured while still “in employment ”, the claimant was entitled to an award for the period of her disability.
The order appealed from should be affirmed, with costs to claimant-respondent.
Chief Judge Desmond and Judges Dye, Burke, Foster and Scileppi concur with Judge Fuld; Judge Van Voorhis dissents and votes to reverse and to reinstate the determination of the Workmen’s Compensation Board.
Order affirmed.