**No. 27048**

**The Travelers Indemnity Company, The Charter Oak Indemnity Co., Phoenix Insurance Company, The Travelers Indemnity Co. of America, and The Travelers Indemnity Co. of Rhode Island v. J. Richard Barnes as Commissioner of Insurance of the State of Colorado, and Joseph F. Dolan as Executive Director of the Department of Revenue of the State of Colorado**

(552 P.2d 300)

Decided July 19, 1976.

Wood, Ris & Hames, P.C., William K. Ris, for plaintiffs-appellees.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Paul B. McGinnis, Special Assistant, Thomas Frank, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a declaratory judgment wherein section 13-25-7(4) of the Colorado Auto Accident Reparations Act (commonly referred to as the "No Fault Insurance Law") was held to be applicable only to personal injury protection. We affirm.

The Act is article 25 of chapter 13, Colo. Sess. Laws 1973 at 334 (section 10-4-701 *et seq.*, C.R.S. 1973). In section 13-25-2,[1] the legislature declared the purpose of the article to be: (1) to avoid inadequate compensation to victims of automobile accidents; (2) to require registrants of motor vehicles in Colorado to procure insurance covering legal liability arising out of ownership or use of such vehicles; and (3) to require registrants of motor vehicles in Colorado to provide benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles.

The Act requires every owner of a vehicle to have a "complying policy" with certain minimum liability coverages (sec. 13-25-6(2))[2] and for compensation to occupants of the insured vehicle without regard to fault for medical, hospital and other curative expenses, rehabilitation procedures, treatment or training, loss of gross income from work and death benefits (sec. 13-25-6(3) to (6)).[3]

The Act further provides that collision coverage to an insured vehicle shall be offered by every insurer to its insured. However, the legislature expressly stated that the Act shall not be construed so as to prohibit issuance of policies providing more extensive coverages than those required by the Act (sec. 13-25-10(1)).[4]

Following the above sections, the Act describes the benefits payable. These include: (1) benefits for accidental bodily injury sustained by the named insured in an accident involving any motor vehicle (sec. 13-25-7(1)(b))[5]; (2) benefits for accidental bodily injury sustained by a relative of the named insured under certain enumerated circumstances (sec. 13-25-7(1)(c))[6]; (3) benefits for accidental bodily injury arising out of accidents occurring within Colorado sustained by any other person while occupying the described motor vehicle with the consent of the insured or while a pedestrian if injured in an accident involving the described motor vehicle. (sec. 13-25-7(1)(d)).[7]

Concerning the apportioning of insurers' responsibilities where two policies are involved, section 13-25-7(3) and (4)[8] provides:

---

[1]Now section 10-4-702, C.R.S. 1973.
[2]Now section 10-4-706(1)(a), C.R.S. 1973.
[3]Now section 10-4-706(1)(b) to (e), C.R.S. 1973.
[4]Now section 10-4-710(1), C.R.S. 1973.
[5]Now section 10-4-707(1)(a), C.R.S. 1973.
[6]Now section 10-4-707(1)(b), C.R.S. 1973.
[7]Now section 10-4-707(1)(c), C.R.S. 1973.
[8]Now section 10-4-707(3) and (4), C.R.S. 1973.

"(3) Except as provided in subsection (4) of this section, when a person injured is also an insured under a complying policy other than the complying policy insuring the vehicle out of the use of which the accident arose, primary coverage shall be afforded by the policy insuring said vehicle under section 13-25-6; but in the event two or more insurers have obligations under complying policies to pay benefits to the same person, the limits of coverage available as benefits to such person shall be the limits of a single complying policy except to the extent that optional coverages purchased for additional premiums on a voluntary basis are applicable. In the event two or more insurers are liable to pay benefits on the same basis, any insurer paying benefits shall be entitled to an equitable prorata contribution from such other insurer.

"(4) When an accident involves the operation of a motor vehicle by a person who is neither the owner of the motor vehicle involved in the accident nor an employee of the owner, and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to all coverages provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator and any policy under which the owner is an insured shall afford excess coverage. . . ."

The executive director of the Department of Revenue is given statutory authority to administer and enforce the provisions of the Act. Section 13-25-4.[9] Pursuant to this authority, the director may make rules and regulations necessary for the administration of the Act, except where specific administrative authority is conferred on the commissioner of insurance.

The commissioner of insurance (the commissioner) derives authority to establish reasonable rules and regulations as are necessary to carry out duties prescribed by C.R.S. 1963, 72-1-52.[10] One of those duties is "the execution of the laws relating to insurance. . . ." C.R.S. 1963, 72-1-3(1).[11]

Subsequent to the enactment of the Act, the appellants jointly promulgated Regulation 74-20, which is entitled "Colorado Auto Accident Reparations Act (No Fault) Interpretative Guidelines." The stated purpose of this regulation is to interpret and implement the provisions of the Act and particularly section 13-25-7(4).[12]

The regulation provides that when an accident involves a vehicle driven by a person who is neither the owner nor an employee of the owner thereof and the driver is an insured under a complying policy, the policy covering the driver "will provide not only PIP [personal injury protection]

---

[9]Now section 10-4-704, C.R.S. 1973.
[10]Now section 10-1-109, C.R.S. 1973.
[11]Now section 10-1-103, C.R.S. 1973.
[12]Now section 10-4-707(4), C.R.S. 1973.

benefits to all persons covered by his policy but *also liability and all other coverages provided in his policy, to the extent of such coverages,* on a primary basis and the policy of the owner will provide excess coverages. . . ." (Emphasis contained within regulation.)

Pursuant to the above interpretation, the appellant commissioner has been resolving disputes between appellees and other insurance carriers involving issues of primary and excess coverage. These disputes have related to coverages not dealing with the personal injury protection. The commissioner has declared that in all such cases the operator's policy shall be primary and the owner's policy shall be excess on all coverages, *i.e.*, liability, collision, etc., and not merely on the PIP coverage.

Appellees' rights under hundreds of policies of insurance are affected by the aforesaid construction of the Act and the interpretative regulation. The standard forms of motor vehicle policies customarily issued by appellees provide: ". . . [T]he insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance." According to this standard form, the owner's policy is primary and the operator's policy is excess. The commissioner has consistently approved this language in standard policies despite his issuing Regulation 74-20.

Such language is based upon customary industry-wide rate making and underwriting procedures. It is essential to these procedures and determination of premiums to be charged to consider the type of vehicle insured under each policy, its cost, the equipment thereof, and where (geographically) it is principally used and whether for business or pleasure. Also considered by the industry are the characteristics of the owner and those expected to drive the vehicle. These factors are material to the rights and obligations of both the insured and the insuring companies under such policies.

Appellants contend that the trial court erred in holding that Regulation 74-20 exceeds in scope the intent of the Act from which it emanates. We hold the court was correct.

As noted above, the commissioner and the director of revenue have the authority, individually or jointly, to issue proper regulations to enforce relevant statutes. We recognize, too, that construction of a statute by administrative officials charged with its enforcement shall be given great deference by the courts. *Reardon v. United States*, 491 F.2d 822, 824 (10th Cir. 1974). However, administrative regulations are not absolute rules. They may not conflict with the design of an Act, and when they do the court has a duty to invalidate them. *Reardon, supra.* Furthermore, when an administrative official misconstrues a statute and issues a regulation beyond the scope of a statute, it is in excess of administrative authority granted.

■ The Act must be viewed in the light of what is the obvious statutory scheme. It is fundamental that to do this, the whole of the Act must be read and construed in context. *Humana, Inc. v. Board of Adjustment of the City of Lakewood*, 189 Colo. 79, 537 P.2d 741 (1975). Only by so doing can a "consistent, harmonious, and sensible effect" be given to all its parts. *Tobin v. Weed*, 158 Colo. 430, 407 P.2d 350 (1965).

Section 13-25-7,[13] "Benefits Payable," of the Act provides that the coverages for PIP benefits shall be applicable to certain individuals or classes of individuals. It distinguished between automobile accidents occurring within Colorado and those occurring outside the State. Various determinations are made regarding the types of motor vehicle involved in an accident.

In subsection (3) of section 13-25-7[14] of the Act, it is provided that, except as further provided in subsection (4), when a person injured is also an insured under a complying policy other than the one insuring the vehicle involved in the accident, primary coverage shall be afforded by the policy insuring the vehicle under section 13-25-6.[15] The exception in subsection (4) provides that when an accident involves the operation of a motor vehicle by a person who is neither the owner nor an employee of the owner of the vehicle, and the operator of the vehicle is an insured under a complying policy other than the one insuring the vehicle involved, "primary coverage as to *all coverages*" (emphasis supplied) provided in the operator's policy shall be afforded and the policy insuring the vehicle shall be excess.

■ The statutory language which is in question here is the extent of "all coverages" as it relates to primary coverage by the operator's policy. The foregoing phrase in and of itself is non-specific. Where a statute is non-specific on a point which, nevertheless, is consistent with the clear statutory scheme involved, no special construction of the statute is required.

■ Although the Act is to be liberally construed to further its remedial and beneficent purposes, in promulgating Regulation 74-20, appellants have exceeded their authority.

■ The reasonable construction of section 13-25-7(4)[16] is that the phrase "all coverages" is limited to those coverages providing PIP benefits under subsections 13-25-6(3) to (6).[17] Subsection (4) cannot be extended by implication to every coverage that may be included in the policies. The

---

[13]Now section 10-4-707, C.R.S. 1973.
[14]Now section 10-4-707, C.R.S. 1973.
[15]Now section 10-4-706, C.R.S. 1973.
[16]Now section 10-4-707(4), C.R.S. 1973.
[17]Now section 10-4-706(1)(b) to (e), C.R.S. 1973.

contrary construction contained in the offending regulation does not conform to the stated legislative purpose of the Act, is not consistent with all other portions of the Act, and changes longstanding insurance practices. Thus the trial court was correct in finding the regulation invalid.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.