Joseph P. Natale Executive Secretary Public Employees Retirement Association 1300 Logan Street Denver, Colorado 80203
Dear Mr. Natale:
This opinion letter is in response to your February, 1980 letter concerning the eligibility of a member to serve on the Public Employees' Retirement Board.
QUESTION PRESENTED AND CONCLUSION
The question presented concerns the eligibility of Margarett Whilden to continue to serve on the Public Employees' Retirement Board during a period in which she is on an approved unpaid leave of absence from her position with St. Vrain Valley School District No. 260 for reasons of health, pending the effective date of her resignation June 30, 1980.
 My conclusion is that she meets the requirements for board service and may continue to serve until the effective date of her resignation.
ANALYSIS
C.R.S. 1973, 24-51-103(1)(a) (Supp. 1979) establishes the requirements for a school division representative's eligibility to serve on the Public Employees' Retirement Board as follows:
 The management of the public employees' retirement fund is vested in a board of not more than fifteen members, to be known as the public employees' retirement board, referred to in this article as the "retirement board" or the "board". The board shall consist of the state auditor and the state treasurer, two municipal employee members who shall be elected by the active contributing members of the municipal division, four state employee members who shall be elected by the active contributing members of the state division, five school employee members who shall be elected by the active contributing members of the school division, and two retired members of the association who shall be elected by those members who have retired, without regard to the division from which retirement was effected.
(Emphasis added.) Thus, whether Ms. Whilden may continue to serve on the board depends on whether she is presently an employee member of the school division by which she was elected.
The term "employee" is generally defined at C.R.S. 1973,24-51-203(1) which provides:
 For the purpose of this part 2, "public employee" means any person holding a municipal, city and county, or school district office or employment, not elective in the state, and paid in full or in part by any municipality, city and county, or school district, or any agency thereof, in any capacity whatever. Members of fire and police departments who are participants in existing retirement or pension plans, under statutes of the state, are exempted from the provisions of this part 2. All such employees, except such policemen and firemen, who are employed by municipalities, cities and counties, or school districts which have not exempted their employees from the provisions of this part 2 shall be included in the membership of said association, and all new employees of such affiliated municipalities, cities and counties, and school districts who are subsequently employed shall become members of said retirement system by the acceptance of such employment. . . .
(Emphasis added.) Thus, Ms. Whilden, as a school district employee, clearly fits within the definition of a public employee, and the sole remaining question is whether her authorized leave of absence affects that status.
In regard to eligibility for benefits C.R.S. 1973, 24-51-200.5(1) (Supp. 1979) states:
 "Member", for the purpose of superannuation, disability, or survivor benefits, means any employee making current contributions to the public employees' retirement association or on an authorized unpaid leave of absence. The term does not include retired persons, employees who exercise their right to deferred or retained benefits, or individuals who have ceased employment.
(Emphasis added.) Thus, employees on approved unpaid leave are expressly considered to be members eligible for all public employees' retirement benefits. The statute recognizes that such employees continue in their employment relationship as distinguished from retired persons, employees who exercise their right to deferred or retained benefits, and individuals who have ceased employment. This is consistent with the common usage of the term "leave of absence," which implies a continuing relationship between employer and employee. State ex rel.McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335, 341
(1942). This usage has been recognized in the interpretation of other benefits statutes. In applying the New York disability benefits statute the New York Court of Appeals interpreted the term "in employment" to include employees on approved leave of absence. Gross v. Mary Herbert Fashions,242 N.Y.S.2d 197, 13 N.Y.2d 93, 192 N.E.2d 157 (1963).
If one holds the status of eligibility for all benefits his interests continue to be identical to all other employee members in the same division. Of the members excluded from eligibility by C.R.S. 1973, 24-51-200.5(1), only retired employees are expressly provided representation on the PERA board, C.R.S. 1973, 24-51-103(1)(a). Because the provisions and purpose of the statutory sections concerning eligibility for benefits directly correlate to the provisions establishing the board, and since no other specific definition is elsewhere provided, the inclusion of employees on approved unpaid leave of absence with those entitled to all benefits strongly supports the conclusion that such members are eligible to serve on the board. In construing a statute the whole of the Act must be read and construed in context. Amana Incorporated v. Board of Adjustmentof City of Lakewood, 189 Colo. 79, 537 P.2d 741 (1975).
The Public Employees' Retirement Board in defining by rule "cessation of employment" has specifically included as employment an authorized leave of absence. Rule 10.107, of the rules and regulations of the Public Employees Retirement Association, 8 CCR 15002-1 at page 3, states in pertinent part that:
10.107 Cessation of Employment
 The term "cessation of employment" or "ceased employment" as used throughout these rules, shall refer to an individual whose employment with a covered agency or employer has ceased through resignation, retirement, dismissal, abandonment, or death. Employment shall include the period of time covered by all paid leave whether compensated by lump sum or otherwise (see Rule 20.1072 for exception). An individual who is on approved leave of absence is not deemed to have ceased employment. . . .
(Emphasis added.) The construction of a statute through regulations by the administrative officials charged with its enforcement shall be given great deference by courts.Traveler's Indemnity Company v. Barnes, 191 Colo. 278,552 P.2d 300, 303 (1976). The board's interpretation of employment in rule 10.107 is consistent and rational in the light of the entire context of the statute and the analysis provided above.
The board has also provided by rule 30.701 requirements for establishing a leave of absence for the purpose of rule 10.107. The relevant portion of rule 30.701, as amended effective January 1, 1980, 8 CCR 1502-1 at page 23, provides as follows:
 For purposes of this rule, leaves without pay are categorized into two general types: (1) Absences in which the employee is not off the employer's payroll in any given month, although his earnings for that month may be less than full regular salary, and (2) Absences in which the employee is off the employer's payroll for one month or more.
 The member whose leave belongs in the first category does not need official certification of the leave by his employer.
 The member whose leave belongs in the second category must have official certification of leave by his employer, which shall be submitted to PERA within 60 days of the start of such leave. A leave certification received subsequent to a properly filed application for refund shall not be acceptable.
 In the event a leave of absence is not properly certified pursuant to Rule 30.701, notification of such leave shall be considered timely if records or minutes are furnished PERA which show that the employer officially granted the member leave within 60 days of the date from which the leave began. . . .
(Emphasis added.)
The purpose of these rules is for the regulation and administration of PERA. They were properly adopted pursuant to the board's authority under C.R.S. 1973, 24-51-222 and 24-51-103(e).
Some members of the board have expressed concern that Ms. Whilden's resignation, effective June 30, 1980, may affect the validity of her leave of absence. Although the board under C.R.S. 1973, 24-51-204(1)(a), has the ultimate authority to determine whether a person is in public employment, the board's rules on approved leave of absence without pay require no more than the employer's certification that such leave has been granted. Ms. Whilden has met the requirements of the board to establish that she is under such an approved unpaid leave and has not ceased employment. The board cannot now change the requirements after the fact and demand more from her. Although her resignation has also been submitted, until the effective date thereof, Ms. Whilden continues to meet the requirements of the PERA statute as properly construed by the board. As of the effective date of her resignation, without change in circumstance, she will no longer be qualified to serve on the board since she will no longer be an employee member of the school division by which she was elected.
SUMMARY
To briefly summarize my opinion, the Public Employees' Retirement Board has properly construed the statute to distinguish approved leave of absence without pay from cessation of employment in regard to employment and membership. Thus, one who is on approved leave of absence without pay, although a resignation effective at a future date has been submitted and accepted, continues to be an employee member for purposes of election and service on the Public Employees' Retirement Board. Only upon the effective date of the resignation does the board member cease to meet the eligibility requirements.
Very truly yours
 J.D. MacFARLANE Attorney General
RETIREMENT SYSTEMS
PUBLIC OFFICE
C.R.S. 1973, 24-51-103(1)(a) (Cum. Supp. 1979)
C.R.S. 1973, 24-51-203(1)
C.R.S. 1973, 24-51-200.5(1)
C.R.S. 1973, 24-51-222
C.R.S. 1973, 24-51-103(e)
C.R.S. 1973, 24-51-204(1)(a)
PERSONNEL, DEPT. OF
EXECUTIVE BRANCH
Public Employees Retirement Bd.
One who is on approved leave of absence without pay, although a resignation effective at a future date has been submitted and accepted, continues to be an employee member for purposes of election land service on the PERA Board until the effective date of the resignation.