**Cheryl L. ADAMS, Plaintiff-Appellant,**

v.

**SAFECO INSURANCE COMPANY, Defendant-Appellee.**

**No. 82CA1277.**

Colorado Court of Appeals, Div. III.

Oct. 13, 1983.

Rehearing Denied Nov. 3, 1983.

Harden, Schmidt & Hass, P.C., Jeannine S. Haag, Ralph B. Harden, Fort Collins, for plaintiff-appellant.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for defendant-appellee.

STERNBERG, Judge.

Plaintiff, Cheryl Adams, appeals the trial court's dismissal of her claim against Safeco Insurance Company for loss of gross income pursuant to § 10–4–706(1)(d)(I), C.R.S.1973. We affirm.

Adams was injured on December 13, 1975, in an accident while riding as a passenger in an automobile driven by defendant's insured. As the result of her injuries she missed a total of seven weeks of work during the 52-week period immediately following the accident. She missed an additional

18.21 weeks of work after the expiration of the 52-week period.

Pursuant to § 10–4–706(1)(d)(I) of the Colorado Auto Accident Reparations Act, Adams submitted to the insurer a complete claim for loss of gross income for 25.21 weeks. The insurer paid to Adams benefits for seven weeks of lost gross income, but refused to pay for the additional 18.21 weeks.

In a trial to the court on stipulated facts, the court was asked to interpret whether the phrase "fifty-two additional weeks," contained in § 10–4–706(1)(d)(I), referred to a loss of gross income occurring within a period of 52 consecutive weeks commencing the date after the accident, or to a total of 52 weeks, including income lost after the expiration of that period.

The trial court interpreted the phrase as referring to a period of 52 consecutive weeks commencing the day after the accident. Adams' sole argument on appeal is that this interpretation of the statute is in error. We agree with the trial court's ruling.

Section 10–4–706(1)(d)(I) provides for:

"Payment of benefits equivalent to one hundred percent of the first one hundred twenty-five dollars of loss of gross income per week, or pro rata for such amounts for a lesser period, from work the injured person would have performed had he not been injured *during a period commencing the day after the date of the accident, and not exceeding fifty-two additional weeks....*" (emphasis added)

Adams contends the word "additional" in § 10–4–706(1)(d)(I) should be interpreted to mean that one is entitled to benefits for gross income lost for a sum total of 52 weeks, rather than only for that time lost in the succeeding period of 52 consecutive weeks from the date of accident. We disagree.

In construing a statute, courts should not interpret it to mean that which it does not express. *Rancho Colorado, Inc. v. City of Broomfield*, 196 Colo. 444, 586 P.2d 659 (1978). Here, the phrase at issue describes the time period during which a loss of gross income from missed work because of an automobile accident may be recovered. We conclude that the period begins the day after the accident occurs and runs an *additional* fifty-two weeks. The term "additional" "embraces the idea of joining or uniting one thing to another, so as thereby to form one aggregate." *Black's Law Dictionary* 35 (5th ed. 1979). Here, the aggregate formed is a 52-week period which begins to run the day after the accident.

When the meaning of the phrase is considered in the context of the complete provisions of § 10–4–706, C.R.S.1973, a similar result is reached.

In *Traveler's Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976), the court discussed the statutory construction of the Colorado Auto Accident Reparations Act and noted:

"The Act must be viewed in the light of what is the obvious statutory scheme. It is fundamental that to do this, the whole of the Act must be read and construed in context.... Only by so doing can a 'consistent, harmonious, and sensible effect' be given to all its parts."

Section 10–4–706(1)(b), C.R.S.1973, provides for compensation, subject to limitations, for payment of "all reasonable and necessary expenses" for medical and related care "performed within three years after an accident involving a motor vehicle."

The statutory scheme of § 10–4–706 would therefore appear to be one of guaranteed payments for specified periods of time. A reading of the phrase here at issue to mean a period commencing the day after the date of the accident and not exceeding the following 52 weeks is to give § 10–4–706(1)(d)(I) a "consistent, harmonious and sensible effect." *Traveler's, supra.*

While the phrase "additional 52 weeks" is perhaps not as specific as "the following 52 weeks" or "52 consecutive weeks" might be:

"Where a statute is non-specific on a point which, nevertheless, is consistent with the clear statutory scheme involved,

no special construction of the statute is required."

*Traveler's, supra.*

Colorado Insurance Regulation 74–20, 3 Code Colo.Reg. 702–3 at 38, entitled "Auto Accident Reparations Act (No-Fault) Interpretive Guidelines," was promulgated July 1, 1974, pursuant to § 10–4–706, C.R.S.1973. The purpose of the regulation was to interpret and implement the provisions of the Act. The portion of the regulation relevant to an interpretation of § 10–4–706(1)(d)(I) reads as follows:

"Payments of benefits equivalent to 100% of the first $125 of loss of gross income per week, or pro rata for such amounts for a lesser period, from work the injured person would have performed had he not been injured. *These benefits commence the day after the date of the accident and continue as needed for 52 consecutive weeks.*" (emphasis added)

The court in *Traveler's, supra,* while recognizing that administrative regulations are not absolute rules, acknowledged that "construction of a statute by administrative officials charged with its enforcement shall be given great deference by the courts." We also note that *Colo.J.I.* 11:21.4 (2d ed. 1980) defines the time period contained in § 10–4–706(1)(d)(I) as being "the fifty-two weeks beginning one day after the accident."

The judgment is affirmed.

TURSI and BABCOCK, JJ., concur.