John HOLLER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–1873.

United States Court of Appeals, Tenth Circuit.

Dec. 20, 1983.

Rehearing Denied Jan. 16, 1984.

Gordon Reiselt of Reiselt & Rosenfield, P.A., Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., and Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir., R. 10(a). This cause is therefore ordered submitted without oral argument.

This is an action under the Federal Tort Claims Act, FTCA, 28 U.S.C. § 1346(b) alleging psychiatric malpractice against a doctor employed by the Veterans Administration in Albuquerque, New Mexico. Appellant-plaintiff Holler, a Vietnam war veteran, was a patient in the hospital. In 1970 he was diagnosed by a psychiatrist, Dr. Kellner, as suffering from "paranoid schizophrenia." Upon learning of this diagnosis, plaintiff alleges that he suffered extreme emotional and mental distress and loss of self-esteem. In 1981, Dr. Glover, also an employee of the Veterans Administration Hospital in Albuquerque, properly diagnosed him as suffering from post-traumatic stress neurosis. He did not allege any physical injuries. See complaint R. 1–2; appellant's brief, p. 1. The district court sustained the government's motion to dismiss and he appeals. We affirm.

■ The question is whether he can recover on a claim of mental distress without any physical injury. Actions under the FTCA are governed by the law of the state where the act or omission occurred. *Ahern v. Veterans Administration,* 10 Cir., 537 F.2d 1098, 1101. In this case the act complained of occurred in New Mexico. Where there is no state law in point, the federal court must determine what the state supreme court likely would do when faced with a similar case. As said in *Hartford v. Gibbons & Reed Co.,* 10 Cir., 617 F.2d 567, 569, in so doing

" * * * we may consider all resources, including decisions of New Mexico, other states, federal decisions, and the general weight and trend of authority.... Of course, the views of the district court interpretive of New Mexico laws carry extraordinary force on appeal where there are no controlling state decisions providing clear precedent. (Citations omitted.)"

■ In deciding that the New Mexico courts would not find a cause of action for negligently caused emotional distress, without accompanying physical injury, the trial court was persuaded by the decision of the New Mexico court of appeals in *Aragon v. Speelman,* 83 N.M. 285, 491 P.2d 173. Aragon was a bystander case in which the court refused to find a cause of action based on emotional distress with no physical impact or resulting physical injuries. In a recent case, *Wilson v. Galt* (N.M.Ct.App.) 100 N.M. App. 227, 668 P.2d 1104, 1110–1112, recovery by parents who claimed loss of society and companionship resulting from the negligence in the treatment and care of an infant was denied. In so doing the court expressly declined to follow California decisions to the contrary. The New Mexico Supreme Court quashed the application for certiorari. 668 P.2d 308.

In so holding, the New Mexico courts have followed the general rule as stated in Restatement of Torts 2d, § 436 A that negligence resulting in emotional disturbance alone is not compensable for the reasons stated in Comments b and c. The reasons for the rule as given in the Restatement are the transitory nature of the claim which can be easily feigned, and the lack of the element of intent. The plaintiff does not claim any physical injuries but only emotional and mental distress. The court did not err in holding that under New Mexico law there could be no recovery.

■ Plaintiff argues that if a case in federal court is controlled by an issue on which there is no New Mexico law, the case should be certified to the New Mexico Supreme Court. Certification is a matter of discretion, not obligatory on the federal

courts. *Lehman Brothers v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215; *Ormsbee Development Co. v. Grace,* 10 Cir., 668 F.2d 1140, 1149, cert. denied, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79. The court did not abuse its discretion in the instant case.

Plaintiff asks to be allowed to file an amended complaint. The record before us fails to indicate that any application of that kind was made to the trial court and, hence, there is nothing before us to review. *Feddersen Motors v. Ward,* 10 Cir., 180 F.2d 519, 523; *Neu v. Grant,* 10 Cir., 548 F.2d 281, 286–287.

Affirmed.

## ON PETITION FOR REHEARING
### PER CURIAM.

This case is before the Court on the plaintiff-appellant's petition for rehearing.

In his petition for rehearing, plaintiff calls attention to the December 21, 1983 decision of the New Mexico Supreme Court in *Ramirez v. Armstrong,* 100 N.M. 538, 673 P.2d 822. This was a bystander case in which children of Santana Ramirez sued for mental distress resulting from seeing their father killed when struck by a car. The court adopted standards to apply to actions for negligent infliction of emotional distress to bystanders. The third of those factors is, "[t]here must be some physical manifestation of, or physical injury to the plaintiff resulting from the emotional injury." In the case at bar the plaintiff was not a bystander and did not allege any physical injury. Accordingly, he did not satisfy factor 3 and the case was properly dismissed.