Green & Josefiak, P.C., Mary M. Josefiak, Denver, for plaintiff-appellant.

Zarlengo, Mott, Zarlengo and Winbourn, Karen R. Wells, Denver, for defendant-appellee.

**Janice Marie BONDI, Plaintiff–Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

**No. 86CA0738.**

Colorado Court of Appeals, Div. I.

March 31, 1988.

Rehearing Denied April 14, 1988.

Certiorari Denied July 18, 1988.

PIERCE, Judge.

Plaintiff, Janice Marie Bondi, appeals the summary judgment entered in favor of defendant, Liberty Mutual Insurance Company. We affirm.

On May 31, 1984, plaintiff sustained bodily injuries as a result of an automobile accident. At the time of the accident, plaintiff was a passenger in a car driven by an insured of defendant. There is no dispute that defendant has paid all of plaintiff's medical bills arising because of the accident.

Although she was unemployed at the time of the accident and had not been employed for two years prior to the accident, plaintiff demanded that defendant compensate her for lost wages. Defendant refused to do so, and this action was initiated pursuant to § 10–4–706(1)(d)(I), C.R.S. (1987 Repl. Vol. 4A), by plaintiff seeking

personal injury protection benefits and both punitive and treble damages for defendant's alleged bad faith.

A hearing was held, and summary judgment was entered in favor of defendant.

Plaintiff contends that because she was a college graduate with an earning capacity of $25,000 per year, she "would have worked" but for the accident, and therefore, she is entitled to benefits for lost wages. We disagree.

Section 10–4–706(1)(d)(I), C.R.S. (1987 Repl. Vol. 4A) provides for lost wages as follows:

> "Payment of benefits equivalent to one hundred percent of the first one hundred twenty-five dollars of loss of gross income per week, seventy percent of the next one hundred twenty-five dollars of loss of gross income per week, and sixty percent of any loss of gross income per week in excess thereof, with the total benefit under this subparagraph (I) not exceeding four hundred dollars per week, *from work the injured person would have performed had he not been injured during a period commencing the day after the date of the accident,* and not exceeding fifty-two additional weeks." (emphasis added)

Reading the statute as a whole, we conclude that plaintiff is not entitled to benefits for lost wages based upon earning capacity. The statute is very specific regarding dollar amounts used to calculate appropriate benefits, and leaves no room for speculation when computing the amount of compensation. Also, the statute refers directly to "the day after the date of the accident" as the commencement date for determining the proper amount of the benefit. *See Adams v. Safeco Insurance Co.,* 674 P.2d 999 (Colo.App.1983), *aff'd sub nom. Krieg v. Prudential Property & Casualty Insurance Co.,* 686 P.2d 1331 (Colo.1984). Thus, this section contemplates a sum certain for calculation to begin on a specific date.

Furthermore, the National Conference of Commissioner's interpretation of a similar "work loss" provision under § I(a)(5)(ii) of the Uniform Motor Vehicle Accident Reparations Act, 14 Uniform Laws Annot. 50 (1980), provides that "only actual loss of earnings as contrasted to loss of earning capacity" is compensable. This interpretation, although not conclusive, should be given deference by the courts. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976); *see also Krieg v. Prudential Property & Casualty Insurance Co., supra* (fn. 4).

In the present case, plaintiff failed to meet her burden of proof with regard to actual lost wages. The record shows that plaintiff was neither employed at the time of the accident nor did she have any offer of employment at a time certain which would show an actual amount of loss. Therefore, she was unable to show any actual lost wages, and summary judgment was granted properly.

Judgment affirmed.

CRISWELL and HUME, JJ., concur.