James E. **SULZER**, Plaintiff–Appellant,

v.

**MID–CENTURY INSURANCE COMPANY, a corporation,** Defendant–Appellee.

James **RASH**, Plaintiff–Appellant,

v.

**FARMERS INSURANCE EXCHANGE,** Defendant–Appellee.

Daniel **SCHEUREN**, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** Defendant–Appellee.

No. 86CA1857.

Colorado Court of Appeals, Div. III.

June 9, 1988.

Rehearing Denied June 30, 1988.

Certiorari Granted (Sulzer) Nov. 28, 1988.

Pelton, Pelton and Callaway, Bradford Pelton, Colorado Springs, for plaintiff-appellant James E. Sulzer.

Peter Goldstein, Colorado Springs, for plaintiffs-appellants James Rash and Daniel Scheuren.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Neil C. Bruce, Colorado Springs, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs, James E. Sulzer, James Rash, and Daniel Scheuren, appeal a judgment in favor of defendants, Mid–Century Insurance Company, Farmers Insurance Company, and State Farm Mutual Automobile Insurance Company. We affirm.

Plaintiffs were injured in separate automobile accidents. Each plaintiff had a complying Colorado No-Fault Insurance Policy from one of the defendants. Because of their injuries, plaintiffs were unable to return to work, and each requested vocational rehabilitation benefits as contemplated under § 10–4–706(1)(c), C.R.S. (1987 Repl. Vol. 4A). The insurance companies approved the respective rehabilitation plans, but in each case denied plaintiffs' requests for a subsistence living allowance during the rehabilitation period.

In a consolidated action, on stipulated facts and cross-motions for summary judgment, the trial court was asked to determine whether the subsistence benefits were required under § 10–4–706(1)(c). The trial court reasoned that the disputed benefits were essentially lost income or income-maintenance benefits as provided under another part of the No–Fault Act, § 10–4–706(1)(d), so that § 10–4–706(1)(c) did not require such benefits.

Plaintiffs' sole contention on appeal is that the trial court erred in its interpretation of the statute. We disagree.

Section 10–4–706(1)(c)(I) provides:

"Compensation without regard to fault for payment of the cost of rehabilitation procedures or treatment and rehabilitative occupational training necessary because of bodily injury arising out of the use or operation of a motor vehicle. The

procedures, treatment, or course of rehabilitation shall meet the following standards:

. . . .

"(C) A course of occupational training shall be reasonable and appropriate for the particular case;

"(D) A procedure, treatment, or training shall contribute substantially to rehabilitation;

"(E) The cost of a procedure, treatment, or training shall be reasonable in relation to its probable rehabilitative effects."

Section 10–4–706(1)(d) provides payments for loss of gross income and essential services during the 52 weeks following the accident.

In construing a statute, courts should not interpret it to mean that which it does not express. *Rancho Colorado, Inc. v. Broomfield,* 196 Colo. 444, 586 P.2d 659 (1978). The No–Fault Act must be read as a whole to give consistent, harmonious, and sensible effect to all its parts. *Krieg v. Prudential Property & Casualty Insurance Co.,* 686 P.2d 1331 (Colo. 1984); *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

We agree with the trial court that the subsistence benefits sought here are in the nature of lost earnings and are not part of the cost of rehabilitation. We are not persuaded by plaintiffs' argument that the statutory rehabilitation benefits must include subsistence because the rehabilitation period may outlast the 52 weeks of lost income benefits. The statutory scheme specifically limits required coverage for lost income to 52 weeks and provides a legal remedy through tort action to recover any additional losses. Section 10–4–714(1)(f), C.R.S. (1987 Repl. Vol. 4A); *Krieg v. Prudential Property & Casualty Insurance Co., supra.* Simply stated, the General Assembly made no provision for subsistence benefits; we may not rewrite the statute to provide such benefits.

Further, plaintiffs' position is not supported by the rehabilitation provisions of the Workmen's Compensation Act,

§ 8–49–101(1), C.R.S. (1986 Repl. Vol. 3B). That statute, now repealed in pertinent part, expressly provided for maintenance benefits during rehabilitation, while the No-Fault Act does not.

We do not find *Manley v. Detroit Automobile Inter-Insurance Exchange*, 425 Mich. 140, 388 N.W.2d 216 (1986) instructive. The statute involved, the nature of the claim, and the relationship of the parties in that case are all inapposite.

Judgment affirmed.

METZGER and HUME, JJ., concur.