Linda **FRESQUEZ**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 91–C–0415.**

United States District Court,
D. Colorado.

March 31, 1992.

Rod W. Snow, Denver, Colo., for plaintiff.

J. Greg Whitehair, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Linda Fresquez commenced this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, asserting negligence claims for personal injury. Pursuant to Fed.R.Civ.P. 56, the plaintiff has moved for partial summary judgment. Defendant United States has responded by opposing the motion, and cross-moving for partial summary judgment.

The parties have fully briefed the issues and oral argument would not be helpful. Jurisdiction exists under 28 U.S.C. § 1346(b).

## I. BACKGROUND.

This lawsuit arose from a motor vehicle rear-end collision on January 19, 1990 in Adams County, Colorado. Plaintiff was a passenger in a vehicle driven by her mother and owned by her mother's friend. Neither the plaintiff, her mother, nor her mother's friend had any automobile liability insurance at the time of the accident. The vehicle in which the plaintiff was a passenger was rear-ended by a truck owned by the federal government and driven by a federal employee acting within the scope of his employment.

In its answer, the defendant has pleaded numerous affirmative defenses, two of which are here at issue. First, the defendant asserts that the plaintiff's claims are barred by the Colorado Auto Accident Reparations Act (No Fault Act), C.R.S. §§ 10–4–701 *et seq.* Second, the defendant contends that the plaintiff's alleged damages are not recoverable because of the Colorado collateral source statute, C.R.S. § 13–21–111.6.

Plaintiff responds that: (1) the No Fault Act does not bar her claims against the government, and (2) the Colorado collateral source statute does not bar her claims since she will not receive any insurance benefits or payments from other collateral sources.

## II. ANALYSIS.

In a negligence action brought under the FTCA, the applicable substantive law is that of the state where the allegedly negligent act occurred, here Colorado. 28 U.S.C. § 1346(b); *Holler v. United States*, 724 F.2d 104, 105 (10th Cir.1983). Since there is no state law directly on point, this court must attempt to predict how the Colorado Supreme Court would rule in a similar case. *Holler*, 724 F.2d at 105.

### A. *No Fault Act.*

Colorado's No Fault Act requires automobile owners to obtain minimum personal injury protection (PIP) insurance in statutorily prescribed amounts. C.R.S. § 10–4–705. Certain insurance benefits are payable on a no fault basis if the insured, a household relative of the insured, anyone occupying the vehicle with the insured's permission, or a pedestrian is injured. C.R.S. § 10–4–707(1)(a)–(c).

Defendant argues that the plaintiff is legally eligible for benefits under C.R.S. § 10–4–707(1)(c), and therefore she is barred by C.R.S. § 10–4–713(1)[1] from recovering damages for her injuries. Plaintiff argues that she is not a person eligible for benefits by virtue of C.R.S. § 10–4–707(1)(a)–(c).

---

1. Section 10–4–713(1), C.R.S., states, in relevant part:

    Neither any person eligible for direct benefits described in section 10–4–706(1)(b) to (1)(e) ... shall have any right to recover against an owner, user, or operator of a motor vehicle or against any person or organization legally responsible for the acts or omissions of such person in any action for damages for benefits required to be paid under section 10–4–706(1)(b)–(1)(e)....

I agree with the plaintiff. With respect to the automobile owned by the United States and driven by a United States employee, the plaintiff is not eligible for PIP benefits from the driver or the United States under the statutory scheme. C.R.S. § 10–4–707(1)(a)–(c).

Plaintiff cannot recover PIP benefits from her own insurance company, because she has no insurance. Nor did she have any duty to obtain her own PIP insurance for she was not an owner or operator of an automobile. C.R.S. § 10–4–705(1). Therefore, she was not, at the time of the collision, an uninsured motorist who would otherwise be eligible for PIP benefits. C.R.S. § 10–4–705(2).

Plaintiff's claims against the United States are based entirely on the tort theory of negligence. Unlike an action under the No Fault Act, this action is not one to recover "damages for benefits required to be paid under sections 10–4–706(1)(b) to (1)(e)." C.R.S. § 10–4–713(1). Plaintiff's liability claim for tort damages is fundamentally separate and distinct from any claims she might have had to recover PIP benefits if the owner of the car in which she was riding had carried PIP insurance. *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863, 868 (Colo. 1983). Her claim is simply not within either the language or the intent of the statutory scheme.

The purpose of restricting recovery of damages covered by PIP insurance to first party recovery is to persuade motor vehicle owners and drivers to obtain the statutorily required no fault insurance; but this plaintiff, as a passenger, was not required to buy such insurance. To hold otherwise would deprive innocent collision victims who are mere passengers of settled legal rights with no concomitant benefit being bestowed upon them. Even babies and children negligently injured while riding in uninsured vehicles would be deprived of their traditional tort remedies. Surely if the Colorado General Assembly had intended such a harsh and radical departure from common law and justice, it would have clearly stated that intent. It therefore follows that her lack of PIP insurance does not preclude assertion of, or recovery under, a negligence claim.

To conclude otherwise would fly in the face of the expressed intent and policy of the statutory no fault scheme. The Colorado General Assembly intended the No Fault Act "to avoid inadequate compensation to victims of automobile accidents." C.R.S. § 10–4–702. The Act is to be liberally construed to accomplish that purpose. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300, 304 (1976). It strains credulity to argue that an act designed to facilitate prompt compensation to accident victims should be stretched by judicial interpretation to preclude this plaintiff's recovery.

### B. *Collateral Source.*

Section 13–21–111.6, C.R.S., provides, in pertinent part that:

In any action ... to recover damages for a tort ... the court ... shall reduce the amount of the verdict by the amount by which such person ... has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person ... has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

This statutory provision is clearly inapplicable here. Were it to apply, the amount by which the verdict would be reduced would be zero, for this plaintiff has not been, nor will she be, indemnified or compensated in any way for her alleged injuries by any person, corporation, or insurance company other than the instant defendant.

Accordingly, IT IS ORDERED that:

(1) the plaintiff's motion for partial summary judgment is granted;

(2) the defendant's cross motion for partial summary judgment is denied; and

(3) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding, would facilitate settlement.