**Sean BAILEY, Plaintiff–Appellant,**

v.

**MID–CENTURY INSURANCE COM-PANY, a California corporation, Defendant–Appellee.**

**No. 94CA0251.**

Colorado Court of Appeals, Div. IV.

Dec. 15, 1994.

Rehearing Denied Jan. 26, 1995.

Certiorari Denied Aug. 21, 1995.

Van Horne, Noall & Hodges, P.C., Richard M. Hodges, Denver, for plaintiff-appellant.

Levy & Lambdin, P.C., Suzanne Lambdin, Martha C. Ferris, Englewood, for defendant-appellee.

Opinion by Judge VAN CISE *.

Plaintiff, Sean Bailey, appeals from a summary judgment entered in favor of defendant, Mid–Century Insurance Company (insurer), upon plaintiff's claim for lost wages following an automobile accident. We reverse the judgment and remand for further proceedings.

The essential facts are undisputed. On February 25 and 27, 1993, plaintiff was involved in two automobile accidents. At the time, plaintiff was covered by a policy of automobile insurance issued by insurer. In May 1993, plaintiff's former employer offered plaintiff re-employment, and plaintiff resumed work on June 9, 1993, but quit on June 14, 1993. He alleges he could no longer perform his duties because of the injuries he had sustained in the auto accidents.

Plaintiff made a claim to insurer for payment of his wage loss. When it declined to pay, he brought this action to recover loss of income benefits.

Relying on *Bondi v. Liberty Mutual Insurance Company*, 757 P.2d 1101 (Colo.App. 1988), the trial court granted the insurer's motion for summary judgment. It concluded that since plaintiff was not employed at the time of the accidents and did not at those times have an employment offer, he was not entitled to receive payment for lost income.

Plaintiff argues the trial court improperly construed the controlling provision of the No Fault Act, § 10–4–706(1)(d)(I), C.R.S. (1994 Repl.Vol. 4A), which provides in pertinent part for:

> Payment of benefits equivalent to one hundred percent of the first one hundred twenty-five dollars of loss of gross income per week, seventy percent of the next one hundred twenty-five dollars of loss of gross income per week, and sixty percent of any loss of gross income per week in excess thereof, with the total benefit under this subparagraph (I) not exceeding four hundred dollars per week, from work the injured person would have performed had he not been injured during a period commencing the day after the date of the accident, and not exceeding fifty-two additional weeks.

Plaintiff contends this statute does not bar a claim for lost wages following a covered injury to an unemployed person who thereafter within the fifty-two weeks following the injury, obtains employment but, because of the injury, cannot maintain that employment. We agree.

In *Bondi, supra*, at 1102, the court stated: "[P]laintiff was neither employed at the time of the accident nor did she have any offer of employment at a time certain which would show an actual amount of loss. Therefore, she was unable to show any lost wages, and summary judgment was granted properly."

Here, however, plaintiff was employed within the year following the accidents. Therefore, if he can show that his inability to perform his work duties was causally related to the injuries incurred from the accidents, he then will be able to show actual lost wages for the period from June 14, 1993, to February 25, 1994. Hence, summary judgment was improperly entered.

The judgment is reversed, and the cause is remanded for further proceedings consistent with those expressed in this opinion.

STERNBERG, C.J., and SMITH, J., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).