Donald WARD, Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.

No. 94–1381.

United States Court of Appeals, Tenth Circuit.

Dec. 19, 1994.

Rehearing Denied Jan. 30, 1995.

James F. Scherer (James D. King with him on the briefs), James D. King & Associates, P.C., Denver, CO, for plaintiff-appellant.

Robert A. Zupkus (Tod E. Fitzke of Zupkus & Ayd, P.C., Englewood, CO, and Jeffrey Lennard of Sonnenschein Nath & Rosenthal, Chicago, IL, with him on the briefs), Zupkus & Ayd, Englewood, CO, for defendant-appellee.

Before MOORE, BARRETT, and HENRY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Don Ward appeals the district court's grant of defendant Allstate Insurance Company's motion for summary judgment. We hold the Colorado "no fault" automobile insurance statute provides $50,000 limitations for medical and rehabilitative benefits; therefore, we affirm the district court's accordant judgment.

The dispositive facts are not in dispute. Mr. Ward was severely injured while a passenger in an automobile driven by an insured of Allstate. The policy provided for $50,000 in no fault medical benefits and $50,000 in no fault rehabilitative benefits. Mr. Ward's total health care expenses were $74,859.13. Allstate paid Ward $65,009.13, including $50,000 in medical benefits and $15,009.13 in rehabilitative benefits. Allstate refused to pay the remaining $9,850, classifying it as medical benefits in excess of the $50,000 limit.

Mr. Ward sued Allstate for the remaining $9,850, claiming it should be classified as rehabilitative. Mr. Ward moved for partial summary judgment on this issue, and Allstate made a cross-motion for summary judgment. The district court denied Mr. Ward's motion and granted Allstate's motion, stating Mr. Ward's "hospital, x-ray and surgical" care was medical rather than rehabilitative. Mr. Ward does not challenge this factual finding.

■ Summary judgment should be affirmed where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Gardner v. United States,* 34 F.3d 985, 986 (10th Cir.1994). Here, the parties do not dispute the underlying factual nature of the bills at issue but the manner in which the district court applied statutory classifications of rehabilitative and medical treatment. Therefore, the controversy consists of a pure question of statutory interpretation, which we review de novo. *See Polys v. Trans–Colorado Airlines,* 941 F.2d 1404, 1411 (10th Cir. 1991).

■ Insurance coverage is defined by the language of the insurance policy. However, in Colorado, automobile insurance policies must comply with the mandatory minimum coverages of the Colorado Auto Accident Reparations Act, a no fault statutory scheme set forth at Colo.Rev.Stat. §§ 10–4–701 through 10–4–725. The statute is incorporated into the policy, "and when conflict exists between the insurance policy and the statute, the latter governs." *Marquez v. Prudential Property & Cas. Ins.,* 620 P.2d 29, 33 (Colo. 1980).

■ The principal task of statutory interpretation is to determine legislative intent. *Farmers Group, Inc. v. Williams,* 805 P.2d 419, 422 (Colo.1991). A statute should, where possible, be construed according to its plain meaning, *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168, 1173 (Colo.1991), and construed as a whole, giving meaning to all its parts. *People v. Terry,* 791 P.2d 374, 376 (Colo.1990).

The two statutory sections relevant to this issue set forth the minimum medical coverage and minimum rehabilitative coverage.

The minimum medical coverage is:

up to a limit of fifty thousand ... for medical, chiropractic, optometric, podiatric, hospital, nursing, x-ray, dental, surgical, ambulance, and prosthetic services, and

nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing. . . .

Colo.Rev.Stat. § 10–4–706(1)(b).

The minimum rehabilitative coverage is: up to a limit of fifty thousand . . . for . . . any system, treatment, operation, diagnosis, prescription, or practice for the prevention, ascertainment, cure, relief, palliation, adjustment, or correction of any human disease, ailment, deformity, injury, or unhealthy or abnormal physical or mental condition, or any other nonmedical care or treatment rendered in accordance with a recognized religious method of healing.

Colo.Rev.Stat. § 10–4–706(1)(c).

Mr. Ward claims these two sections should be interpreted to provide up to $100,000 in either medical or rehabilitative expenses. If, as in this case, expenses in one of the categories exceed $50,000, those expenses should be covered by the other category until a combined limit of $100,000 is reached. Mr. Ward bases his argument on the premise that the distinction between medical and rehabilitative expenses is impossible to draw.

The district court ruled there were two distinct categories of treatment, relying exclusively on *Dean v. Allstate Ins. Co.*, No. 91–M–1051, 1993 WL 764803 (D.Colo. Oct. 7, 1993) (Matsch, J.).[1] In *Dean,* Judge Matsch in turn relies on his opinion in *Robertson v. Allstate,* No. 92–M–522 (D.Colo. May 27, 1993). We find Judge Matsch's analysis persuasive.

The Colorado General Assembly enacted two separate statutory sections to cover medical and rehabilitative expenses. This emphatically bespeaks a legislative intent to define two distinct kinds of benefits. As *Robertson* points out, the sections are distinct in form, content, and legislative history. They are not constructed symmetrically. Medical compensation is cast in one long paragraph, and rehabilitative compensation in numerous subsections. In 1991, the Colorado General Assembly amended section 706(1)(b), while leaving (1)(c) intact. 1991 Colo.Sess.Laws 1182. Rehabilitative treatment is covered for ten years, Colo.Rev.Stat. 10–4–706(1)(c)(I); and medical treatment is covered for five

years, Colo.Rev.Stat. § 10–4–706(1)(b). The rehabilitative section's language was adopted verbatim from the definition of "healing art" in the now-repealed "Basic Sciences" section of the Colorado statutes. Colo.Rev.Stat. § 12–29–102 (repealed 1976). The medical benefits section is not based on the Basic Sciences section.

In specific statutory language, Allstate argues rehabilitative treatment is different from medical treatment because the statute describes rehabilitative treatment as "nonmedical" care. The rehabilitation section includes "prevention, ascertainment, cure, relief, palliation, adjustment, or correction of any human disease . . . or any other nonmedical care or treatment rendered in accordance with a recognized religious method of healing." Colo.Rev.Stat. § 10–4–706(1)(c)(II)(A). Allstate concludes "nonmedical" modifies all the rehabilitative procedures listed, thus they cannot be classified as medical. Allstate's interpretation is best supported by the disparate language of the two sections. The medical treatment section lists "nonmedical" religious treatment, whereas the rehabilitative section lists "other nonmedical" religious treatment, implying that the preceding treatments all are "nonmedical" as well. However, we consider this language ambiguous. The term "nonmedical" could modify only religious treatment, or some but not all of the listed rehabilitative treatments. Moreover, under the terms of Colo.Rev.Stat. § 10–706–4(1)(b), treatment can simultaneously be "medical" and "nonmedical." Religious treatment, one of those listed in this section, is explicitly described as "nonmedical."

Mr. Ward's response is unconvincing. He bases his argument on the broad policy consideration that the insurance statute should be interpreted to favor coverage. He correctly cites *Travelers Indem. Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300, 301 (1976), on this point. However, this policy concern is not enough to overcome the apparent legislative intent that the two coverages be distinct.

■ Mr. Ward cites an opinion letter dated March 9, 1989, from John E. Bell, a

---

1. *Dean* was originally scheduled as a companion to this case but was settled before oral argument.

Senior Insurance Analyst at the Colorado Department of Regulatory Agencies. The letter states that the relevant statute "requires, essentially, $100,000 of medical and rehabilitation coverage combined. An insurer is obligated to pay up to this $100,000 limit and can characterize its payments as either medical or rehabilitation." Colorado courts give deference to the interpretation placed upon statutes by the administrative agency charged with administering them. However, the level of deference to be accorded is unclear. The Colorado Supreme Court has variously expressed it as "deference" and "great deference." *El Paso County Bd. of Equalization v. Craddock,* 850 P.2d 702, 704 (Colo. 1993) ("deference"); *Travelers,* 552 P.2d at 303 ("great deference"). It is unclear whether this disparate phraseology represents two different standards; the case affording "great deference" to administrative interpretation declines to follow it. *Id.* Colorado law further provides that a reviewing court should construe statutes "from an independent analysis of the statutory scheme." *Colorado Common Cause v. Meyer,* 758 P.2d 153, 159 (Colo.1988). Agency interpretation is not binding, and if an agency misconstrues a statute, the court should not follow. *El Paso County,* 850 P.2d at 704–05.

■ Colorado has enunciated several instances in which deference to administrative interpretation is particularly justified. One is where fact-finding hearings are held and an administrative record is developed in a "formal proceeding." *Banner Advertising v. People of the City of Boulder,* 868 P.2d 1077, 1083 (Colo.1994). Another instance is where the interpretation requires "a level of more specialized expertise than most judges possess." *Id.* (discussing federal preemption in the regulation of airplane commercial banner towing). Another is where an opinion letter is "issued pursuant to a statutory duty." *Colorado Common Cause,* 758 P.2d at 159 (attorney general required to issue letter on

questions submitted by secretary of state). This case involves none of these instances. We conclude the agency interpretation here should be treated as persuasive authority only. *See Banner Advertising,* 868 P.2d at 1083.[2]

■ In light of this, we are not persuaded. Mr. Bell writes, "It is difficult to imagine a medical bill that would not be payable under the rehabilitation provision...." Even if we accept all medical bills are rehabilitative, this does not imply that all rehabilitative bills are medical. For instance, a bill for services rendered seven years after an accident could be rehabilitative, but could not be medical. Colo.Rev.Stat. §§ 10–4–706(1)(b), 10–4–706(1)(c)(I). Even if there is an overlap and some bills may be classified as either medical or rehabilitative, it does not follow that all bills may be so classified, or that the legislature so intended. Mr. Bell's conclusion that the two coverages are indistinguishable is fallacious.

■ Both parties cite authorities that have no bearing on statutory interpretation. Allstate argues the terms "rehabilitative" and "medical" treatment are distinct in medical parlance. To support this proposition, Allstate cites, among other things, a medical dictionary. Because statutes and insurance policies are construed according to their plain meaning, not their professional or technical meaning, such evidence is inapposite.

Allstate points out that a majority of states with no fault statutes specifically list rehabilitative treatment as a part of medical expenses.[3] Allstate concludes, because the Colorado General Assembly did not follow the lead of those states, it intended the two types of coverage to be distinct. However, other states' statutes, particularly where they differ in structure from the corresponding Colorado statute, are inapposite to the intent of the Colorado General Assembly.

---

**2.** The opinion letter is dated 1989, which predates the last revision of section 10–4–706(1)(b). However, the revision was irrelevant to the issue at bar. Allstate has moved to strike the letter because it was introduced only in *Dean* and not in this case. Our disposition of the issue renders the motion moot.

**3.** Allstate cites Conn.Gen.Stat.Ann. § 38a–363; D.C.Code Ann. § 35–2104(c)(1); Fla.Stat.Ann. § 627.736(1)(a); Mich.Comp.Laws Ann. § 500.3107(1)(a); N.Y.Ins.Law § 5102(a)(1). We express no opinion on the accuracy of Allstate's analysis with respect to these statutes.

Mr. Ward also cites portions of the Allstate insurance adjuster's manual, *La Mano Buena*, to prove Allstate used Mr. Ward's interpretation when assessing claims. This document may be relevant to industry practice, which can bear on contract interpretation, *see Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1384 (Colo.App.1986); however, it is not relevant to legislative intent.

The most persuasive argument in this appeal is simply that the Colorado General Assembly enacted distinct statutory sections for medical and rehabilitative coverage. It follows that we should interpret the two types of treatment to be distinct. Mr. Ward has not argued convincingly that we should depart from such an interpretation. The district court's order granting summary judgment is **AFFIRMED**.