Garfield OLMSTED, Plaintiff,

v.

Ron McNUTT, in his individual and official capacities, and Renny Fagan, in his official capacity, Defendants.

No. 98–Z–2385.

United States District Court,
D. Colorado.

April 1, 1999.

Jeffrey David Doniger, Anne M. Vitek, Vitek & Doniger, P.C., Charles F. Kaiser, Denver, CO, for Plaintiff.

F. Michael Ludwig, Wood, Ris and Hames, P.C., Cristina Valencia, Attorney General's Office, Denver, CO, for Defendants.

## Background

ABRAM, United States Magistrate Judge.

Garfield M. Olmsted was an employee of the Colorado Department of Revenue. He alleges that he brought to the attention of the Administrator of the Department of Revenue that the approach being used in the Income Tax Initiative was flawed. He complained that the planning was inadequate, the project underfunded, the new technology was unlisted and that there was a substantial risk the project would fail. He further believed the information provided the Joint Budget Committee of the Colorado State Legislature misrepresented project costs and benefits. Olmsted was demoted in 1997 from a grade 111 to grade 104 and to a non-supervisory position. Olmsted filed an administrative complaint. An Administrative Law Judge found that the Department of Revenue had retaliated against Olmsted under the whistleblower statute and ordered Olmsted reinstated to his prior position. The Director of the State Personnel Board notified the Office of the Statue Auditor of the finding as required by C.R.S. § 24–50.5–106. The Auditor considered the Personnel Board documents which are open records, and two memos from Moni- ca Bauman, an employee of the Auditor's Office, which discuss the preliminary investigation and summarizing the investigation to the Auditor. The Auditor wrote a letter to the Chairman of the Legislature Audit Committee of the State Legislature recommending that there was insufficient evidence of waste of funds or mismanagement to warrant an audit.

Plaintiff seeks the memos of Bauman. The other documents obtained from the Personnel Board are open records in the possession of the Plaintiff.

## Analysis

The Colorado State Auditor is appointed by the Legislative Audit committee of the Colorado State Legislature, C.R.S. § 2–3–102. He reports directly to the Committee. C.R.S. § 2–3–103(2) and (3) provide that "work papers" and reports containing "recommendations, comments and narrative statements" are confidential and can be released to the public only with a majority vote of the Committee.

C.R.S. 2–3–103.7 of the statute provides that any person disclosing the confidential information before a majority vote of the Committee commits a misdemeanor with a fine of $500.00. The parties do not disagree that the Auditor submitted the recommendation pursuant to the Committee as required by C.R.S. 2–3–101(3)(e). The Committee then made the decision as to whether a special audit or management study should be carried out by the Auditor. The Committee did not request such an audit.

## Statutory Confidentiality

Plaintiff in his response does not address the confidentiality created by statute. The Auditor pursuant to C.R.S. 2–3–101(3)(e) is directed to "conduct an investigation to determine the need for a fiscal audit, performance audit, or management study of the matters set forth in such report." [24–50.5–106 C.R.S. report]. C.R.S. 2–3–103(2) states that audit reports "shall be open to public inspection" except for that portion of any report containing *recommendations, comments* and narrative *statements* which are to be released only on "majority vote of the

Committee". C.R.S. 2–3–103(3) requires the Auditor to keep complete files of "copies of all audit reports, including work papers, and copies of examinations, investigations, and any other reports or materials issued by the Statute Auditor, State Auditor's staff, or by the Committee. The work papers of the Office of the State Auditor shall be open to public inspection only upon approval of the majority of the Committee ... Work papers that have not been specifically approved for disclosure by the majority vote of the Committee *shall remain confidential.*" C.R.S. § 2–3–103.7 provides for a $500.00 fine with a misdemeanor conviction for disclosure of confidential material.

■ When reviewing a statute the Court should construe it in accordance with the plain language of the statute as well as giving meaning to the whole statute. *Ward v. Allstate Ins. Co.,* 45 F.3d 353, 354 (10th Cir. 1994). The Court should also look at the purpose and intent of the statute when deciding its application. *United States v. Shewmaker,* 936 F.2d 1124, 1127 (10th Cir.1991).

■ Bauman's memos to the Auditor, contain a recommendation and comments concerning the recommendation. The documents are working documents of the required investigation pursuant to C.R.S. 2–3–101(3)(e). The Committee has not authorized the disclosure of the documents. The intent of the legislature is for the material to be confidential. As such Plaintiff is not entitled to the two memos.

### Deliberative Process Privilege

■ The material is also barred by the doctrine of deliberative process privilege. As set forth in the case of *In re Sealed Case,* 121 F.3d 729, 737–39 (D.C.Cir.1997) the deliberative process privilege was created to protect advisory opinions, recommendations and deliberations used by the government in making decisions and policies. The information must be predecisional and deliberative. The Colorado Supreme Court in *City of Colorado Springs v. White,* 967 P.2d 1042, 1050 (1998) affirmed a common law deliberative process privilege.

■ By statute, the Auditor is required to make an investigation and submit the report to the Legislative Committee who will make the decision as to a further audit or whether legislative changes are needed. The Auditor's investigation is predecisional. The recommendations are submitted for a decision by the Legislative Committee. All of the prerequisites of the deliberative process privilege have been met.

■ The privilege may be overcome by showing a need by the Plaintiff as an overriding public interest. *In re Sealed Case,* 121 F.3d at 738. Any information sought by the Plaintiff can be obtained by discovery of the agency documents. The desire to obtain the information to cross-examine Mr. McNutt does not rise to a need or public interest which outweighs the purpose behind the privilege.

### Legislative Privilege

The parties both discuss legislative privilege. The Auditor is selected by and reports directly to the Legislative Committee. The alleged whistleblowing concerned reports made by the Department of Revenue to the Joint Budget Committee. Because the information is protected by statute, the common law legislative privilege is not discussed.

Whether the Auditor is immune from subpoena need not be decided. By statute and by common law, the information sought is privileged. Although it may cost Plaintiff both more time and expense to obtain the same information sought by the subpoena, the information is available without violating the privilege.

IT IS ORDERED that the Motion for Protective Order (filed January 27, 1999) is GRANTED.